IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,247-01






EX PARTE LUIS ANTONIO DIAZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-3-008493-0437249-A IN THE CRIMINAL 


DISTRICT COURT NO. 3 FROM TARRANT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to twenty years' imprisonment. 

 Applicant contends that he is being denied credit for time confined in federal immigration
custody while a parole violator warrant was lodged as a detainer. Applicant has alleged facts that,
if true, might entitle him to relief. Ex parte Canada, 754 S.W.3d 660 (Tex. Crim. App. 1988). In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for making findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the office of General Counsel of the Texas Department of Criminal Justice to
obtain and submit affidavits listing the dates of issuance of any parole-revocation warrants leading
to the revocation of Applicant's parole or mandatory supervision, the dates those warrants were
lodged as detainers while Applicant was in federal custody, the dates of any such revocations, and
the credit Applicant has received for any such confinement. Finally, the affidavits should indicate
whether Applicant has submitted his claim to the time credit resolution system of TDCJ and, if so,
the date when the claim was submitted or resolved.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If a hearing is conducted and Applicant
is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial
court shall then make findings as to what dates Applicant was confined pursuant to a parole violator
warrant, and whether Applicant is receiving the proper amount of credit for that time. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 10, 2008

Do not publish